# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3553

_____

Robert J. Krueger; Patricia Krueger,    *
                                         *
              Appellants,                *
                                         *
     v.                                  *
                                         *    Appeal from the United States
Johnson and Johnson Professional,        *    District Court for the Southern
Inc.; Codman & Shurtleff, Inc.;          *    District of Iowa.
Johnson & Johnson Health Care            *
Systems, Inc.; Johnson & Johnson         *         [UNPUBLISHED]
Hospital Services, Inc.; Johnson &       *
Johnson,                                 *
                                         *
              Appellees.                 *

_____

Submitted:  May 16, 2003

Filed:  May 21, 2003

_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert J. Krueger had back surgery to fuse his vertebrae. The bones failed to fuse after the first surgery, so a second surgery was performed to implant a Codman Plate to aid fusion. The screws holding the plate broke and a third surgery was done to remove the plate and screws. Krueger then brought this diversity action against the

Codman Plate's manufacturer. After the district court<sup>*</sup> excluded two of Krueger's experts because their testimony did not meet the <u>Daubert</u> test, the court granted summary judgment to the manufacturer. Krueger appeals asserting the district court abused its discretion in excluding the expert testimony.

Generally, expert testimony is admissible when it is reliable and when it would help the trier of fact. Fed. R. Evid. 702. A district court has considerable latitude in deciding whether expert testimony is reliable and would help the trier of fact, and in making this decision, the court may consider one or all factors from <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592-95 (1993). <u>In re Air Crash at Little Rock, Ark.</u>, 291 F.3d 503, 514 (8th Cir. 2002).

Krueger's first expert, metallurgist George Otto, would have testified the Codman Plate was defectively designed because a cam-lock system exerted unintended side pressure on the head of the system's screws, causing the screws to break. Krueger's second expert, Edward Reese, opined that the system was defectively designed because it failed to satisfy an alleged design objective that it be able to provide stabilization for at least six months, that Codman failed to comply with certain FDA testing regulations and the device should have been subjected to clinical testing, and that its label should have included a life expectancy for the device.

We agree with the district court that neither expert had sufficient knowledge or experience with the design of the Codman plate or similar systems to adequately explain or validate their theories. Neither expert conducted any testing to support their design defect or alternative design theories. Both experts admitted they lacked expertise in medical issues and neither addressed a likely alternative cause of

---

<sup>*</sup>The Honorable Ronald E. Longstaff, United States District Court for the Southern District of Iowa.

breakage–that  the failure of Krueger's bones to fuse caused the device to fail.  <u>See</u> <u>Cooper v. Smith & Nephew, Inc.</u>, 259 F.3d 194, 201 (4th Cir. 2001) (finding expert in spinal implant case unreliable because expert "failed to address the possibility that the screw fracture was caused by nonunion").

In sum, the district court did not abuse its discretion in refusing to admit the expert testimony.  Absent admissible expert testimony, Krueger cannot establish a prima facie case of strict liability or negligence.  The district court thus properly granted summary judgment to the manufacturer.  Accordingly, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.